Burke *v.* Bell.

---

[*] BURKE *versus* BELL.

*It seems*, that by the common law an officer has authority to make an arrest upon reasonable ground of suspicion, without warrant, and if his suspicion vanishes he may discharge the person arrested without bringing him before a magistrate. But he cannot lawfully detain him without warrant any longer than a reasonable time for bringing him before a magistrate.

A by-law of a town is invalid, if it be repugnant to the general law of the State.

The general law, Stat. of 1848, c. 71, § 2, provides, that if an officer "shall detain any offender, without warrant, longer than such time as was necessary to procure a legal warrant, such officer shall be liable to pay all such damages as the person detained shall suffer thereby."

To that enactment, a town by-law, authorizing an officer to arrest and detain without warrant for the space of forty-eight hours, is repugnant.

In a suit against an officer for arresting and detaining the plaintiff, such a by-law can furnish no defence.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

TRESPASS.

The defendant was a police officer of the town of Eastport. He arrested the plaintiff and confined him two days in the house of correction of that town. For that arrest and imprisonment this action is brought.

The defendant justified under the twenty-second article of the by-laws of the town, approved by the County Commissioners, as follows: —

" If any person shall be found intoxicated or brawling or fighting in any of the streets or other public places within the town, the police officer or his deputies shall have power to commit such person to the house of correction and confine him for a space not exceeding forty-eight hours. And any person so carried to the house of correction shall forfeit and pay one dollar; and if confined more than one day, two dollars. And of whatever sums received for such commitment and confinement the master of the house of correction shall be entitled to receive one half for feeding and taking care of such person."

The plaintiff contended that the by-law was repugnant to the general law of the State, and could therefore furnish no protection to the acts of the defendant.

*B. Bradbury,* for the plaintiff.

The authority of a town to establish by-laws is given by R. S., c. 5, § 22. That section provides that a town may make such orders and by-laws for managing the prudential concerns of the town as they may judge conducive to the good order and peace of the same, and annex penalties, not exceeding five dollars, for any one offence. By " prudential" is meant the subordinate discretionary concerns and economy of a town. No town can make by-laws repugnant to the general law of the State. It requires no argument to show that the by-law in question is utterly repugnant to the general law. Whenever an officer is justifiable for arresting without warrant, it is his duty to obtain one as soon as possible after the arrest, and then, within a reasonable time, to bring the accused to trial. Stat. of 1848, c. 71, § 1. True, the over-

seers of the house of correction may, by their *written* order, commit an intoxicated man to the house of correction, for a term not exceeding forty-eight hours. But this authority exists only, when the safety of the person intoxicated, or the good order of the community requires it, for the purpose of security, if necessary, "till such person can be conveniently carried before a magistrate, and restrained by complaint and warrant in the usual course of criminal prosecutions."

By this authorization, the State reposes in the judgment and faithfulness of the overseers a confidence, which the town has no power to transfer to the police officer, however convenient it may seem that the police officer should possess and exercise such power. It is not to *him* that the State has consented to entrust such power, and the town cannot give it. The by-law therefore is merely void.

*Hayden,* for the defendant.

The only question is whether the twenty-second article of the by-laws is repugnant to the general laws of the State. By R. S. c. 178, § 31, a power like that which the defendant exercised, was conferred upon the overseers of the house of correction. In changing the person, upon whom the power is conferred, is there any thing repugnant to the general law? The police officer is chosen by a ballot of the town, and is sworn to the faithful discharge of duty, while the overseers of the house of correction are appointed by the selectmen, and are not bound by any oath. The power in some one, is fully recognized. From the nature of the general duties of the police officer, this power can be exercised by him more conveniently, and perhaps with more safety to all concerned, than by the overseers, and the objects of the statute be fully effected. The rights of the drunken man are not violated by merely changing the officer by whom the duty of restraining him shall be performed.

By chapter 159, § 5, of the R. S., a similar power of arresting is given to constables, sheriffs and others in case of an unlawful assembly.

The right to restrain the person intoxicated, while he is

dangerous and until he is in a fit state for trial or discharge, is not in contravention of his individual rights.    11 Maine, 208. And we can see no good reason why changing the officer who shall perform the act, should make a law, otherwise valid, repugnant to the laws of the State.

APPLETON, J. — The R. S. c. 5, § 22, provides that the inhabitants of a town at a legal town meeting may make such orders and by-laws for managing the prudential concerns of the town as they may judge conducive to the good order and peace of the same and annex penalties not exceeding five dollars for any offence, provided such orders and by-laws shall be approved by the County Commissioners." By R. S., c. 178, § 31, concerning houses of correction, the overseers of any such town house of correction "may commit thereto for a term not exceeding forty-eight hours, any person publicly appearing in a state of intoxication or in any manner violating the public peace, whenever the safety of the person intoxicated or the good order of the community require it, for the purpose of security, if necessary, *till such person can be conveniently · carried before a magistrate and restrained by complaint and warrant* in the usual course of criminal prosecutions." In 1848, by c. 71, § 1, it is made the duty of every sheriff, deputy sheriff, constable, city marshal and his deputies, watchmen and police officers, "to *arrest and detain until a legal warrant for his apprehension can be obtained*, every person found violating any law of the State or any legal ordinance or by-law of such city or town." By § 2 of this statute, if the officer in the exercise of the power before granted shall act wantonly or oppressively, or shall detain any offender *without warrant longer than such time as was necessary to procure a legal warrant*, such officer shall be liable to pay all such damages as the person detained shall suffer thereby.

These statutory enactments being in force, the question arises, whether the twenty-second by-law of the town of Eastport, under which the defendant justifies, can afford him

any protection, as being in conflict with these provisions. That by-law provides that "if any person shall be found intoxicated or brawling or fighting in any of the streets or other public places within the town, the police officer or his deputies shall have power to commit such person to the house of correction and confine him for a space not exceeding forty-eight hours. And any person so carried to the house of correction shall forfeit and pay one dollar, and if confined more than one day, two dollars. And of whatever sums received for such commitment and confinement the master of the house of correction shall be entitled to receive one half for feeding and taking care of such person." This by-law, it will be perceived, contemplates no criminal proceeding after arrest and commitment. It does not provide for detention "till such person can be conveniently carried before a magistrate and restrained by complaint and warrant" nor "until a legal warrant for his apprehension can be obtained," but it authorizes the police officer upon view to arrest and commit without any reference to ulterior criminal proceedings. It leaves the citizen at the mercy of an inferior municipal officer and divests him of the protection of the law. The officer therefore cannot be justified by the by-law in question.

By the common law, it seems that an officer may apprehend upon reasonable grounds of suspicion, and without a warrant, without being liable therefor as a trespasser. So if his suspicions vanish he may discharge the person arrested without bringing him before a magistrate. *McCloughan* v. *Clayton*, 3 E. C. L. 161. But it is the duty of the officer so arresting upon suspicion to take the person so arrested before a magistrate as soon as he reasonably can, and if he is guilty of unnecessary delay he is liable as a trespasser. *Wright* v. *Court*, 4 B. & C. 596.

From the case as reported, it appears that the plaintiff was committed to the house of correction and detained there two days and then discharged. The arrest was not upon suspicion, and the discharge because such suspicions were unfounded. Nor was the commitment and detention for the purpose

of restraining the plaintiff till legal proceedings could be had. The defendant is without justification.

*Judgment for plaintiff.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.