STATE OF MAINE
CUMBERLAND, ss.

RYAN SELBY,

Plaintiff

vs.

CUMBERLAND COUNTY,
et al.,

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-576
*NM-Cum-8/1/2000*

ORDER ON DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT

The defendants seek a summary judgment on all counts of the plaintiff's second amended complaint. The plaintiff seeks a partial summary judgment on the issue of discretionary function immunity. The plaintiff also seeks time for additional discovery before the motions for summary judgment are decided. The defendants move to strike the affidavit of Michael Welch filed with the Rule 56(f) motion. For the following reasons, the defendants' motion for summary judgment is granted, the plaintiff's motion for partial summary judgment is denied, the plaintiff's motion pursuant to Rule 56(f) is denied, and the defendants' motion to strike is granted in part.

The plaintiff was a passenger in a car operated by Joshua Williams. When Mr. Williams failed to stop at the command of Deputy Joyce, Deputy Joyce and others pursued the Williams vehicle. See Defs.' SUMF, ¶ 2; Pl.'s SDMF, ¶ 4; Complaint, ¶¶ 9-15. The Williams vehicle struck a third vehicle. Defs.' SUMF, ¶ 3; Pl.'s SDMF, ¶ 5. The County's liability insurance in effect at the time of this alleged incident provided coverage for claims for which immunity was waived pursuant to the statutes. SUMF, ¶¶ 1-3, 5-6; Pl.'s SDMF, ¶¶ 3-5; Doucette v. City of Lewiston,

1997 ME 157, ¶ ¶ 8-10, 697 A.2d 1292, 1294-95. The plaintiff has raised additional issues of fact regarding the County's policy regarding the pursuit of vehicles. Pl.'s SDMF, ¶¶ 8-11.

## MOTIONS FOR SUMMARY JUDGMENT

### Counts I & II: Negligence and Emotional Distress (Joyce)

Governmental employees are absolutely immune from liability when performing any discretionary function or duty. See 14 M.R.S.A. § 8111(1)(C) (Supp. 1999); Carroll v. City of Portland, 1999 ME 131, ¶ 6, 736 A.2d 279, 282; Roberts v. State, 1999 ME 89, ¶¶ 7-8, 731 A.2d 855, 857; Polley v. Atwell, 581 A.2d 410, 414 (Me. 1990). The regulations referred to in the plaintiff's statement of facts make clear that the decision to pursue a vehicle is within the officer's discretion. See Pl.'s SDMF, ¶¶ 8, Exhibit C, § 6, pp. 6-7; Doucette, 1997 ME 157, ¶ 6, 697 A.2d at 1294.

### Counts III & VI: Respondeat Superior: Joyce and Other Employees (Cumberland County & Dion)

It is undisputed that the alleged incident took place before defendant Dion took office as sheriff, who is named as a party only in his capacity as sheriff. See Defs.' SUMF, ¶¶ 4, 7; Pl.'s SDMF, ¶ 3; Rippett v. Bemis, 672 A.2d 82, 88 (Me. 1996).

A governmental entity, including a county, is liable for negligent acts or omissions in its ownership, maintenance, or use of a motor vehicle. See 14 M.R.S.A. § 8102(2) & (3) (1980 & Supp. 1999); § 8104-A(1)(A) (Supp. 1999). A county is not liable for any claim that results from performing a discretionary function. See 14 M.R.S.A. § 8104-B(3) (Supp. 1999); Roberts, 1999 ME 89, ¶ 8, 731 A.2d at 857.

2

<u>Counts IV & V: Negligent Training & Supervision and Negligence (Spiked Mats)</u>
<u>(Cumberland County & Dion)</u>

Policymaking, supervision, and training are discretionary functions. <u>See</u> <u>Darling v. Augusta Mental Health Institute</u>, 535 A.2d 421, 426 (Me. 1987).

**PLAINTIFF'S RULE 56(f) MOTION**

The plaintiff would like to pursue discovery in the following areas before the motion for summary judgment is decided: bad-faith component to the pursuit; the basis for the pursuit; whether and how the deputies violated the Department's policy; whether there is a pattern of conduct that gives rise to an effective notice of violation of the policy; and whether there is any training regarding the policy. <u>See</u> Affidavit of Michael J. Welch, ¶ 9; Motion for Relief under M.R. Civ. P. 56(f) with Incorporated Memorandum, pp. 2-3.

Further discovery is inappropriate because the information plaintiff seeks is irrelevant to his claims. If an officer is performing a discretionary function, he is immune from liability despite the existence of bad faith. <u>See</u> 14 M.R.S.A. §8111(1)(C&E); <u>see also</u> <u>Grossman v. Richards</u>, 1999 ME 9, ¶¶ 8-9, 722 A.2d 371, 374 (discretionary function immunity is "absolute and not qualified by the bad faith proviso in [§8111(1)] subparagraph E"). Discovery regarding the officer's violations of the County's policies is immaterial because the officer's absolute immunity applies even if his acts were not authorized. <u>See</u> 14 M.R.S.A. §8111. Finally, the discovery requested regarding the County's notice of policy violations or lack of training are extraneous to Plaintiff's remaining claims. The Maine Tort Claims Act

3

immunizes governmental entities from liability resulting from the exercise of a discretionary function. 14 M.R.S.A. §8104-B; <u>McPherson v. Auger</u>, 842 F.Supp. 25, 28 (D.Me. 1994). Although such discovery might be helpful to a claim brought pursuant to 42 U.S.C. §1983, plaintiff's §1983 claims were dismissed and are not alleged in his second amended complaint. <u>See</u> <u>Fletcher v. Town of Canton</u>, 196 F.3d 41, 55 (1st Cir. 1999).

## MOTION TO STRIKE

Affidavits filed pursuant to Rule 56(f) must be based on personal knowledge. <u>See</u> <u>Bahre v. Liberty Group, Inc.</u>, 2000 ME 75, ¶12, 750 A.2d 558, 561. Although Attorney Welch states at the beginning of the affidavit that he has personal knowledge of the facts in the affidavit, some of the alleged facts are based on information and belief, as stated in the jurat. Paragraphs 5-8 of the affidavit of Attorney Welch are stricken.

The entry is

The Defendants' Motion for Summary Judgment is GRANTED. Judgment is entered in favor of the Defendants and against the Plaintiff on the Plaintiff's Complaint.

The Plaintiff's Motion for Partial Summary Judgment is DENIED.

The Plaintiff's Motion for Relief pursuant to Rule 56(f) is DENIED.

The Defendants' Motion to Strike Affidavit of Michael Welch is GRANTED as follows: Paragraphs 5-8 of the Affidavit are stricken.

Date: July 31, 2000

Nancy Mills
Justice, Superior Court

4

Date Filed __10-08-99__ _____CUMBERLAND_____ Docket No. __CV 99-576__

County

Action ____PERSONAL INJURY____

RYAN SELBY

CUMBERLAND COUNTY RONALD L. GARBRECHT
MARK DION                    LAW LIBRARY
KEVIN JOYCE

AUG 21 2000

vs.

Plaintiff's Attorney   SHELDON TEPLER, ESQ. &

MICHAEL J. WELCH ESQ   784-1589
PO BOX 3065, LEWISTON ME 04243

Defendant's Attorney   KEVIN LIBBY ESQ (ALL)
JOHN J. WALL, III, ESQ., 774-3906
PO BOX 7046, PTLD, ME   04112

Mark G. Lavoie Esq. (TP-Def.)
PO Box 4600, Portland ME   04112

| Date of Entry | |
|---|---|
| 1999 Oct. 12 | Received 10-08-99: Complaint Summary Sheet filed. |
| "      " | Complaint filed. |
| Nov. 15 | Received 11.15.99: Defendants' Answer filed. |
| "      " | Copy of Notice of Removal to US. District Court with attachment filed. |
| "      " | Defendants' Notification of discovery service filed. Defendant Kevin Joyce's Interrogatories and request for production propounde to plaintiff served on Michael J. Welch, Esq., on 11.12.99. |
| Nov. 18 | Received 11/18/99: Acceptance of Service filed. Kevin Libby, Esq. accepts service for the Defendants on November 10, 1999. |
| Dec. 16 | Received 12.15.99: Plaintiff's notification of discovery service filed. Plaintiff's objections to defendant Joyce's interrogatories and production requests served on Kevin G. Libby, Esq., on 12.14.99. |
| Dec. 16 | Received 12-15-99. All paperwork received from U.S.D.C. along with Remand to Superior Court filed. |
| Dec. 23 | Received 12-22-99. Letter from Sheldon Tepler, Esq. entering his appearance on behalf of plaintiff filed. |
| Dec. 28 | Received 12/28/99: Scheduling Order filed. (Mills, J.) The entry will be: "Scheduling Order filed. Discovery deadline is 09/01/99: On 12/28/99 copy mailed to Michael Welch, Kevin Libby and John Wall, Esqs. |