STATE OF MAINE

ANDROSCOGGIN, SS.

CHUCK R. STARBIRD,

Plaintiff

v.

TOWN OF MINOT et al.,

Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-169

DECISION AND ORDER

RECEIVED & FILED

JUN 0 6 2002

ANDROSCOGGIN
SUPERIOR COURT

DONALD L. GARBRECHT
LAW LIBRARY

JUN 20 2002

The plaintiff filed this action claiming that he was defamed by defendants. He has made claims against the Town and the defendants as individuals and in their capacity as officers, agents, and representatives of the Town.

Chuck Starbird was appointed as Road Commissioner for the Town of Minot in 1996. He held the office until September of 1999, when the Town abolished the position of Road Commissioner and created the new position of Road Manager.

The position of Road Commissioner in most small Maine towns is very important and coveted by many persons, especially contractors. As Road Commissioner, plaintiff Starbird had the opportunity to have repairs and maintenance performed by his own company at a fixed cost or hourly rate. In return, the Town does not have to bear the cost for maintenance or repair of the equipment.

The situation leading to this suit began in 1999. While Starbird was still in office some invoices for repairs to construction equipment were directed to the Town. After Starbird left office, a series of other events occurred. From the record, these are best described as follows.

business (i.e., that he was taking advantage of the Town's tax-exempt status to avoid paying taxes) (Count II).

Then, the Board of Selectmen consulted with the Town's attorney, who wrote a letter on behalf of the Town to the Sales Tax Division of the Maine Revenue Service. This letter alleged that Starbird had been using the Town's accounts to avoid paying taxes on equipment purchased for his business (Count I).

Next, the Board of Selectmen directed the Town Treasurer to contact all of the Town's vendor's who might have dealings with Starbird. The vendors were asked to notify the Town if Starbird attempted to charge any purchases to the Town's accounts (Count IV).

Finally, at a Town Board Meeting, which was attended by a news reporter, defendant Gould stated that following an inventory of equipment upon the departure of Starbird, it appeared that one of the Town's snowplows was missing. Starbird claims that this statement was made in front of the reporter in order to embarrass him (Count V).

The plaintiff's complaint contains the following six counts:

| | |
|---|---|
| Count I | Defamation against the Town based on the letter to the Maine Revenue Service. |
| Count II | Defamation against Rebecca Gould and Eda Tripp for statements that Starbird improperly used Town accounts. |
| Count III | Defamation against Rebecca Gould that plaintiff accepted kickbacks. |
| Count IV | Defamation against Rebecca Gould and the Town Treasurer for contacting all the Town's vendors regarding plaintiff's purchases. |
| Count V | Defamation against Rebecca Gould and Eda Tripp for statements that plaintiff stole a snowplow. |
| Count VI | Punitive damages against Rebecca Gould and Eda Tripp because their acts were malicious. |

2

The defendants have moved for summary judgments based on the Maine Tort Claims Act (M.T.C.A.), 14 M.R.S.A. § 8111(1)(A) and (C), that they are immune from suit because they were acting within the scope of their office or official duties when they investigated plaintiff's purchasing and charging activities, and also because the plaintiff was a "public figure."

The plaintiff asserts that the actions were not discretionary acts within the meaning of the M.T.C.A., that to deny plaintiff's claims would be a violation of plaintiff's constitutional protections, that plaintiff is not a public figure and malice need not be proven, and even if he is a public figure, defendants' statements were driven by malice.

"Whether a defendant is entitled to governmental immunity is a question of law that may be resolved by a summary judgment in the absence of factual contradiction." *Gove v. Carter*, 2001 ME 126, ¶ 8, 775 A.2d 368, 371 (citing *Grossman v. Richards*, 1999 ME 9, ¶ 3, 722 A.2d 371, 373.

The Maine Tort Claims Act § 8111(1) "grants absolute immunity to employees of governmental entities for liability resulting from performing or failing to perform any of the employee's discretionary function[s] or dut[ies]." *Gove*, ¶ 9, 775 A.2d at 372 (quoting 14 M.R.S.A. § 8111(1)).

To help determine whether a government employee is engaged in a discretionary function, which is protected under the M.T.C.A., the Law Court has identified four factors. These are:

1. Does the challenged act . . . necessarily involve a basic governmental policy, program, or objective?

2. Is the questioned act . . . essential to the realization or the accomplishment of that policy, program, or objective?

3

3. Does the act . . . require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental employee involved?

4. Does the governmental employee involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act . . . ?

*Carroll v. City of Portland*, 1999 ME 131, ¶ 7, 736 A.2d 279, 282-83 (quoting *Roberts v. State*, 1999 ME 89, ¶ 8, 731 A.2d 855, 857 (emphasis omitted).

In *Grossman v. Richards*, 1999 ME 9, 722 A.2d 371, an alderman and city council president made statements about the plaintiff, a former city administrator, during a televised counsel meeting. The Law Court applied the four factors in this matter:

(1) Richards' statements involved a basic governmental objective, namely, the proper custody and distribution of the public's money.

(2) Questioning whether there was a conflict of interest involved in the distribution of public money is essential to the realization of the function of properly distributing public money.

(3) Richards' statements required basic policy evaluation, judgment, and expertise by Richards.

(4) Finally, Richards possessed the requisite lawful authority, as an alderman voting to approve an appropriation, to question the possible conflict of interest involved in the distribution of public money. Although Richards' comments appear ill-formed, ill-advised, and otherwise actionable, they do not exceed the permissible bounds of discretion allowed by 8011(1)(C).

*Grossman*, 722 A.2d at 374.

The *Grossman* Court concluded that "Richards performed a discretionary function within the meaning of section 8111. Richards' duties reasonably encompassed his discretionary act of pointing out a potential conflict of interest regarding the distribution of public money; therefore, Richards is entitled to discretionary function immunity under the M.T.C.A." *Id.*

4

Similarly, the individual defendants here should be entitled to protection under the M.T.C.A. There was a legitimate governmental interest in making sure that the Town's accounts were not being improperly used; the letters to the vendors were reasonably essential to achieving that goal; judgment and expertise were required on the part of the Town officers; and the Town board members certainly possess the lawful authority to question the use of the Town's accounts.

In addition, any statements made regarding the presumed theft of the snowplow (Count V) were in furtherance of the governmental objective of protecting Town property.

The plaintiff does not contest the defendants' motion as to Counts II and III.

Not all public employees are considered to be "public officials." *Id*. The test for "public official" status is "whether the public has an independent interest in the qualifications and performance of the person holding that office beyond the interest in the qualifications and performance of all government employees." *True v. Ladner*, 513 A.2d 257, 263 (Me. 1986). A public official is a person "among the hierarchy of government employees who [has], or appear[s] to the public to have, substantial responsibility for or control over the conduct of government affairs." *Id*.

"Whether a plaintiff is a public official or a public figure is a matter of law for the court to decide." *Norris v. Bangor Pub. Co.*, 53 F. Supp. 2d 495, 502 (D. Me. 1999). In Maine, police officers and the Director of the State Bureau of the Elderly have been found to be public officials. Public school teachers have been found to not be public officials. (police officer – *Roche*, 433 A.2d at 762 (Me. 1981); bureau director – *Michaud*, 381 A.2d at 1113 (Me. 1978); teacher – *True*, 513 A.2d at 261(Me. 1986)).

Here Starbird falls within the definition of a "public official." The public clearly has an interest in the maintenance and plowing of the roads. As the appointed Town

Road Commissioner, Starbird had substantial responsibility for or control over these functions.

A "public figure" may recover only if the false and defamatory statement was made with "actual malice, meaning (in the Supreme Court's non-literal usage) either that defendant knew that the statement was false or showed a reckless disregard as to its truth or falsity. *Gray v. St. Martin's Press, Inc.*, 221 F.3d 243, 248 (1st Cir. 2000) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)).[1]

As to Count IV, the defendants' motion should be granted because there are no false statements of fact contained in the October 14, 1999, letter sent to vendors. The letter merely stated that the Town had changed procedures for purchasing materials and supplies, that Starbird was no longer the Road Commissioner, that a new person had been appointed as Road Manager and that as of September 11, 1999, Starbird was no longer authorized to use any Town account and if he did make any charges to please contact the Town Office.

As to the letter sent to the Maine Revenue Service, as a public official, Starbird must prove malice.

In deciding upon a motion for summary judgment the court must decide whether the facts, viewed in the light most favorable to the plaintiff, raise "a genuine issue of fact from which a jury could reasonably find that actual malice was established with convincing clarity." *Tucci*, 464 A.2d at 167.

According to the facts alleged by the plaintiff, at least one of the members of the Board of Selectmen knew that the "Big Rig" bill referenced in Attorney Skelton's letter had been corrected prior to the letter being sent. (P's opposing statement of material

---

1. In order to recover punitive damages, Maine Law requires proof of malice or implied malice without regard to a person's status as a public official. *Tuttle v. Raymond*, 494 A.2d 1353 (Me. 1985).

facts, 7/27/01, ¶ 22). Plaintiff also contends that had the Town "done even a cursory investigation, it would have learned that the sales taxes had been paid in all three instances, that Starbird made no charges against the Town's account, and that the vendors have made innocent errors." (P's memorandum in opposition to MSJ, 7/27/01, page 10).

The people responsible for this letter were ultimately the members of the Board of Selectmen. If the plaintiff can prove the fact either that individual members of the Board knew that the statements in the letter to the MRS were false, or that the Board's investigation was grossly inadequate, than plaintiff may prevail on this claim.

For the reasons stated above, the clerk will make the following entries as the Order of this court.

1. Defendants' Motion for Summary Judgment is granted as to Counts II and III without opposition.

2. Defendants' Motion for Summary Judgment as to Counts IV, V, and VI is granted.

3. Defendants' Motion for Summary Judgment as to Count I is denied.

So Ordered.

DATED: June 5, 2002

Thomas E. Delahanty II
Justice, Superior Court

Date Filed  09-18-00        Androscoggin        Docket No. CV-00-169
                             County

Action  Defamation

CHUCK R. STARBIRD                    TOWN OF MINOT
Minot, Maine                         REBECCA GOULD
                                     Minot, Maine
                                     EDA TRIPP
                                vs.  Minot, Maine

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Anthony K. Ferguson, Esq.<br>FALES & FALES<br>P.O. Box 889<br>Lewiston, ME 04243-0889 | Mark G. Lavoie, Esq. BAR #1195<br>Christopher C. Taintor, Esq. (all) BAR #3313<br>NORMAN, HANSON & DETROY<br>P.O. Box 4600<br>Portland, ME 04112-4600 |

| Date of Entry | |
|---|---|
| **2000**<br>Oct 3 | Received 09-14-00:<br>Summary Sheet filed.<br>Complaint filed. ($120.00 filing fee paid receipt #4 on 09-18-00) |
| "    " | Summons filed showing officer's return of service on 09-12-00 upon defendant Town of Minot through Nikki Verrill. |
| "    " | Summons filed showing officers return of service on 09-12-00 upon defendant Rebecca Gould. |
| "    " | Summons filed showing officer's return of service on 09-12-00 upon defendant Eda Tripp. |
| "    " | Received 09-25-00:<br>Answer to Complaint filed.<br>Christopher C. Taintor, Esq. appears of behalf of all defendants. |
| "    " | On 10-03-00:<br>Case file notice mailed. |
| "    " | Received 10-03-00:<br>Scheduling Order filed. (Delahanty, J.)<br>    "Scheduling Order filed. **Discovery deadline is June 3, 2001.**"<br>Copies mailed to Anthony Ferguson, Esq. and Christopher Taintor, Esq. on 10-03-00. |
| Oct. 10: | Received 10-5-00.<br>Plaintiff's Notification of Discovery Service, filed.<br>Subpoena and Notice to Take Oral Deposition of Arthur Dunlap; and Subpoena and Notice to Take Oral Deposition of Dwight Tripp a/k/a Pete Tripp served on Christopher C. Taintor, Esq. on October 4, 2000. |
| Oct 16 | Received 10-16-00:<br>$300.00 jury fee paid receipt #3 on 10-16-00. |
| "    " | Received 10-12-00.<br>Defendants' Notification of Discovery Service, filed.<br>Notice to Take Oral Deposition of Plaintiff Chuck R. Starbird served on Anthony K. Ferguson, Esq. on October 11, 2000. |