STATE OF MAINE
Cumberland, ss



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-237

MICHAEL WILDES, et al.

Plaintiffs

v.                                                    ORDER

CUMBERLAND COUNTY, et al.

Defendant

DONALD L. GARBRECHT
LAW LIBRARY

OCT 6 2004

This is an action which two former inmates at the Cumberland County Jail are seeking damages based on their claim that one of the top bunks in the jail collapsed in May 2001, injuring both plaintiff Jeremiah Young, who alleges he was in the process of climbing into the bunk in question, and plaintiff Michael Wildes, who alleges he was in the lower bunk when the upper bunk collapsed. Named as defendants are Cumberland County, the Cumberland County Jail, the Cumberland County Sheriff's Office and Sheriff Mark Dion.[1]

Before the court is defendants' motion for summary judgment. For purposes of that motion, the defendants assume that plaintiffs' version of the bunk collapse is correct. If their motion is denied, defendants have reserved the right to offer evidence that plaintiffs intentionally caused the bunk to fall in order to claim damages.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of

---

[1] The complaint does not specify whether Dion is sued in his official or individual capacity.

the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *See Handy Boat Service, Inc. v. Professional Services, Inc.*, 1998 ME 134, ¶ 16, 711 A.2d 1306, 1310 (construing former Rule 7(d)). The facts must be considered in the light most favorable to the non-moving party. *E.q., Panasonic Communications & Systems Co. v. State of Maine*, 1997 ME 43, ¶ 10, 691 A.2d 190, 194. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Harkness v. Fitzgerald*, 1997 ME 207, ¶ 5, 701 A.2d 370, 372.

In their complaint, plaintiffs have asserted claims against the County and Sheriff Dion under 42 U.S.C. § 1983; under the Maine Civil Rights Act, 5 M.R.S.A. § 4681; and under the Maine Tort Claims Act, 14 M.R.SA. § 8101 et seq. In their response to defendants' motion, however, plaintiffs have conceded that there is insufficient evidence to sustain any claim against Sheriff Dion in his individual capacity and any claim against the County on a theory that it failed to adequately train its correctional officers. Plaintiffs' opposition to defendants' motion for summary judgment, dated March 19, 2004, at 4 n.1. Plaintiffs have also conceded that there is insufficient evidence to support their claim that there was a violation of the Maine Civil Rights Act. *Id.*

Plaintiffs are still pressing their claims against the County, the Jail, and the Sheriff's Department and Sheriff Dion in his official capacity under 42 U.S.C. § 1983 and the Maine Tort Claims Act. For purposes of those claims, there is no distinction between the County, the Jail, the Sheriff's Department, and Sheriff Dion in his official

capacity. All are County entities and the defendants will therefore be referred to collectively as the County.

1. Section 1983 Claims

Plaintiffs' section 1983 claims against the County are premised or alleged violations of their rights under the Eighth Amendment not to be subjected to cruel and unusual punishment. In order to prevail on Eighth Amendment claims, plaintiffs need to prove at a minimum that County officers exhibited deliberate indifference toward a serious risk of harm to plaintiffs' health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). With respect to plaintiffs' Section 1983 claims, the court must accept for purposes of this motion their statements that they had expressed fears to various correctional officers that the bunk might collapse and that they had also sought to sleep on the floor to avoid injury, but that the correctional officers had ignored their concerns and had forbidden them from sleeping on the floor. Plaintiffs' Statement of Material Facts (SMF) dated March 19, 2004, Additional Facts ¶¶ 30, 36.

The court will assume without deciding that plaintiffs' statements would be sufficient to establish a disputed issue of fact as to whether the individual correctional officers ignored plaintiffs' expressions of concern and thereby exhibited deliberate indifference to plaintiffs' safety.[2] This would be enough to preclude summary judgment if the plaintiffs had sued the individual correctional officers involved. Because the plaintiffs have not sued individual correctional officers, however, but have instead sued the County and because liability under Section 1983 cannot be based on *respondeat*

---

[2] This is not a forgone conclusion. Deliberate indifference requires more than mere negligence. *See Farmer*, 511 U.S. at 835.

*superior, see City of Canton v. Harris,* 489 U.S. 378, 385 (1989), plaintiffs have to show more to proceed on their Section 1983 claim against the County.

Since plaintiffs are not pursuing a claim alleging inadequate training against the County, they can only prevail against the County if they are able to show that the deliberate indifference allegedly exhibited by the correctional officers in this case resulted either from an officially promulgated policy, a widespread county custom or practice, or a decision by a county official with final decision-making authority. *See Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978); *Bordanero v. McLeod,* 871 F.2d 1151, 1156 (1st Cir.) *cert denied,* 493 U.S. 820 (1989); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480-83 (1986).

In this case, plaintiffs have offered no evidence that the alleged indifference of the correctional officers to plaintiffs' safety was the result of any County policy, custom or practice, nor have they offered evidence that the alleged indifference resulted from any decisions made by a County official with final decision-making authority. To defeat a summary judgment motion, the plaintiff must establish a prima facie case for each element of his cause of action that is challenged by the defendant. *E.g., Griffin v. Lariat Associates,* 2001 ME 33, ¶ 7, 766 A.2d 1018, 1019-20. In this instance, plaintiffs' Eighth Amendment claim fails because they have not demonstrated the existence of any disputed facts for trial on whether the County can be held responsible for the alleged inaction of the correctional officers to whom plaintiffs directed their complaints.

   2.   Maine Tort Claims Act

Plaintiffs have also asserted a common law claim for damages under the Maine Tort Claims Act. At the outset, the court agrees with defendants that it is undisputed

that the County has not waived sovereign immunity through its purchase of insurance. Second, the court also agrees that, after *Roberts v. State*, 1999 ME 89, ¶¶ 9-10, 731 A.2d 855, 857-58, the County is entitled to discretionary immunity under 14 M.R.S.A. § 8104-B(3) for any decisions its officers made in assigning Young to a top bunk and in declining to let the plaintiffs sleep on the floor.

The remaining question is whether there is any aspect of plaintiffs' common law claims that is not barred by discretionary immunity. In their complaint, plaintiffs allege that the County was negligent in defectively and improperly welding the upper bunk bed in plaintiffs' cell, in failing to maintain a safe premises to sleep, in failing to train jail employees to recognize dangers and reasonably respond to inmate concerns, in failing to adequately respond to safety concerns, in failing to supervise jail employees, and in allowing a bunk bed to detach from the wall and injure the plaintiffs. Complaint ¶ 104. Plaintiffs have conceded that the County is entitled to judgment on the negligent training claim, and the County's discretionary immunity precludes liability on plaintiffs' claims that the County failed to supervise jail employees and failed to adequately respond to safety concerns.

That leaves plaintiffs' claim of defective welding and their general claims of negligence in allowing an unsafe condition to exist. The County argues that those claims do not come with the statutory waiver of sovereign immunity for "negligent acts or omissions in [the] construction, operation or maintenance of any public building or the appurtenances to any public building." 14 M.R.S.A. § 8104-A(2). Although "appurtenance" is not defined in the Maine Tort Claims Act, the court concludes that bunks welded into county jail cells are appurtenances to a public building. *See Roberts v.*

*State*, 1999 ME 89, ¶ 11, 731 A.2d at 858 (cell door treated as appurtenance to public building).

The County also points out that plaintiffs have offered no expert testimony on their claim that the collapse of the upper bunk was caused by defective welding. Indeed, based on the absence of expert designations on this issue, the County has filed a separate motion to exclude plaintiffs from offering any opinion testimony that the bunk collapse was caused by defective welding. Because the court concludes that defective welding is a subject on which expert testimony would be necessary, defendants' motion to exclude will be granted as to any testimony with respect to defective welding. Moreover, the only testimony in the summary judgment record is to the effect that the welding was not defective.

That does not, however, entirely end the inquiry. Even if the welding was not defective, the bunk could given way due to metal fatigue. In the court's view, this is an issue on which plaintiffs would not be required to offer expert testimony. Moreover, the claim that the County allowed an unsafe condition to exist with respect to the upper bunk in plaintiffs' cell is an allegation that is contained in plaintiffs' general negligence claim against the County, Complaint ¶ 104, and that is also within the waiver of sovereign immunity set forth in section 8104-A(2).

In this respect, plaintiffs' claims that they repeatedly brought their concerns about the safety of the upper bunk to the attention of correctional officers—if proven—would be relevant to establish knowledge on the part of the County as to the potentially hazardous condition alleged by plaintiffs. Such knowledge would be necessary for any recovery against the County for negligently permitting a hazardous condition to exist on its premises. *See* RESTATEMENT, SECOND, TORTS §§ 343, 343A. The

court concludes that there are disputed issues of fact for trial on the basic issue of whether an unsafe condition existed by reason of metal fatigue, whether that condition was made known to employees of the County, and whether the County allowed that condition to remain unremedied.

This does not mean that plaintiffs will be permitted to argue that the correctional officers—if they were in fact made aware of the condition—should have reassigned Young to the bottom bunk or should have allowed the inmates to sleep on the floor. As discussed above, those are decisions immunized by 14 M.R.S.A. § 8104-B(3), and the jury will be instructed that the County cannot be faulted on those issues. However, plaintiffs will be permitted to argue that the County should at least have inspected the bunk to check for metal fatigue based on plaintiffs' complaints.

In this respect, the issues presented by this case are similar to those that would be raised if plaintiffs alleged that there was an area of loose carpeting on the floor of the jail, that they had brought this condition to the attention of the guards, that nothing was done, and that they had thereafter been injured by tripping on the carpet. As a result, the County's motion for summary judgment with respect to plaintiffs' claim of negligence is denied, and that claim will be allowed to proceed to trial within the limited confines set forth above.

At the same time, defendants' motion for summary judgment as to plaintiffs' claims for negligent and intentional infliction of emotional distress is granted. Plaintiffs are entitled to seek damages for emotional distress on their claim of negligence, but they have not offered any facts that would bring this case within the limited category of situations in which plaintiffs would be entitled to bring a freestanding claim of negligent

infliction of emotional distress under Maine law. *See, e.g., Curtis v. Poirier*, 2001 ME 158, ¶ 19, 784 A.2d 18, 25.

Similarly, they have not offered facts that create a disputed issue for trial on whether the County's actions were sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress under RESTATEMENT, SECOND, TORTS § 46. *See id.* comment d. Moreover, any intentional infliction claim would necessarily depend on the alleged decisions by correctional officers not to reassign Young to a bottom bunk and not to allow the inmates to sleep on the floor—decisions that are immunized under section 8104-B(3) as discussed above.

The entry shall be:

> Defendants' motion for summary judgment is granted as to all claims except plaintiffs' claim of negligence as against Cumberland County with the limitations set forth above. The Clerk is directed to incorporate this Order in the docket by reference pursuant to Rule 79(a).

DATED: September 10, 2004

Thomas D. Warren
Justice, Superior Court

STATE OF MAINE
Cumberland, ss



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-237

MICHAEL WILDES, et al.,

Plaintiffs

v.                                                          ORDER

CUMBERLAND COUNTY, et al.

Defendants

Before the Court is defendants' motion to preclude plaintiffs from offering any witness testimony from Leon Warren and Brian Cote because those witnesses were not timely identified. Plaintiffs do not oppose the exclusion of Cote, whom they do not intend to call. They do oppose the exclusion of testimony from Warren.

Because the Court cannot discern from the papers the exact sequence of events relating to the disclosure of Leon Warren as a potential witness, the Court will schedule a hearing in advance of trial to resolve this issue.

The entry shall be:

> Hearing to be scheduled on defendants' motion to exclude testimony of Leon Warren. The Clerk is directed to incorporate this Order in the docket by reference pursuant to Rule 79(a).

Date: September 10, 2004

Thomas D. Warren
Justice, Superior Court

STATE OF MAINE
Cumberland, ss

MICHAEL WILDES, et al.,

        Plaintiffs

        v.

CUMBERLAND COUNTY, et al.

        Defendants

ORDER

Before the Court is defendants' motion to exclude any opinion testimony that plaintiffs might offer with respect to defective welding, with respect to the cause of the bunk collapse, and with respect to the injuries they allegedly suffered. This motion is based on plaintiffs' failure to submit any expert designations.

As noted in its ruling on the defendants' motion for summary judgment, the Court agrees that the absence of any expert designation precludes plaintiffs from offering opinion testimony as to defective welding. To the extent that opinion testimony would be offered on any other issue relating to the cause of the bunk collapse, the Court agrees that plaintiffs are similarly precluded. In the Court's view, however, the fact that parts can fail due to metal fatigue is an issue within the common knowledge of laypersons and is an inference that the jury could draw if plaintiffs' evidence is accepted.

In addition, the absence of any expert designations precludes plaintiffs from offering any causation testimony that would require expert medical opinion. By way of example, plaintiff Wildes cannot offer the opinion that the bunk collapse caused him to

suffer a ruptured kidney. Medical testimony as to causation would not be necessary with respect to bruises and abrasions, however, and Wildes and Young can offer their own testimony as to those injuries. If called to testify, subject to any other valid objections, the treating physicians of Wildes and Young can offer observation but not causation testimony.[1]

The entry shall be:

> Defendants' motion to exclude opinion testimony is granted to the extent set forth in this Order. The Clerk is directed to incorporate this Order in the docket by reference pursuant to Rule 79(a).

Date: September 10, 2004

Thomas D. Warren
Justice, Superior Court

---

[1] The exact line between observation and causation testimony will have to be drawn at trial.