**Michael KANE**

v.

**Gary ANDERSON.**

Supreme Judicial Court of Maine.

Argued May 1, 1986.

Decided May 20, 1986.

Cloutier, Barrett, Cloutier & Conley, Gerard P. Conley (orally), Portland, for plaintiff.

Berman, Simmons & Goldberg, P.A., Paul F. Macri (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

ROBERTS, Justice.

The defendant, Gary Anderson, appeals from a judgment against him of $100 in Superior Court, Cumberland County, after a jury found him negligent in executing an arrest warrant. Anderson, a Portland police officer, arrested Michael Kane pursuant to a warrant that Anderson believed to be directed against Kane. Kane subsequently proved to the District Court that he was not the person named in the arrest warrant, and he filed suit against Anderson alleging damages as a result of the arrest. The Superior Court ruled that the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1985), was not applicable to the case and conferred no immunity on Anderson. The court permitted Kane's claim to go to the jury on the basis of negligence. Because we agree with the Superior Court that Anderson was not immune from liability in the execution of an arrest warrant, we affirm the judgment.

Anderson argues that his actions fall within the Maine Tort Claims Act and that he is immune from suit under section 8111(1)(C) because the execution of an arrest warrant is a discretionary duty.[1] We disagree with Anderson's contention. Even if the Maine Tort Claims Act does apply to this fact situation, section 8111(1)(C) does not confer immunity upon

---

1. § 8111. **Personal Immunity for employees; procedure**

    1. **Immunity.** Employees of governmental entities shall be personally immune from civil liability for the following:

. . . .

. . . .

C. The performance or failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused; and whether or not the statute, charter, ordinance, order, resolution, regulation or resolve under which the discretionary function or duty is performed is valid.

the arresting police officer because the execution of an arrest warrant is a ministerial rather than a discretionary function. *See Restatement (Second) of Torts* § 895D comment h (1977) (ministerial acts are those to be carried out by employees, by the order of others or of the law, with little personal discretion as to the circumstances in which the act is done). No other issue raised by the parties requires our discussion.

The entry is:

Judgment affirmed.

All concurring.