Sandra M. LEACH

v.

Richard BETTERS, et al.

Supreme Judicial Court of Maine.

Argued Sept. 16, 1991.

Decided Nov. 14, 1991.

Timothy E. Robbins, Michael Parker (orally), Portland, for plaintiff.

Deborah Mann (orally), Peter B. LaFond, Jensen, Baird, Gardner & Henry, Portland, for defendants.

William R. Stokes, Asst. Atty. Gen., Augusta, for amicus curiae.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

WATHEN, Justice.

Plaintiff Sandra Leach appeals from an order of the Superior Court (York County, *Fritzsche, J.*) granting summary judgment in favor of defendants Richard Betters and Richard Connelly. The Superior Court held that the defendants, police officers in the Town of Wells, were immune from civil liability by virtue of the Maine Tort Claims Act, 14 M.R.S.A. § 8111(1)(C) (1980). Plaintiff contends that the immunity afforded a police officer performing a "discretionary function or duty" does not include wanton or oppressive acts or the use of force beyond that which the officer reasonably believes necessary to effect an arrest. Because plaintiff generated no genuine issue of material fact concerning wanton or oppressive police conduct, or the absence of any reasonable belief with regard to the use of force, we have no occasion to fix the outer limits of discretionary function immunity. We affirm.

Plaintiff's complaint seeks recovery for assault and battery, false arrest and imprisonment, and malicious prosecution. The factual record developed in connection with defendants' motion for summary judgment may be summarized as follows: On July 4, 1987, at 12:15 a.m., Officer Betters, assisted by a number of other officers, arrested plaintiff's fiancé on U.S. Route 1 in Wells for operating a motor vehicle while under the influence of intoxicating liquor. As another officer pulled her handcuffed fiancé toward a police cruiser, plaintiff got out of the car and protested that they were treating her fiancé improperly and that he was not resisting arrest. Officers Betters and Connelly arrested plaintiff for obstructing government administration and placed her in handcuffs. Plaintiff admits that she may have attempted to pull

away from the officers and she describes her arrest as follows: "[E]ach of them just took an arm and picked me up and threw me [on the trunk of the car]. And then they just—both of them yanked an arm around behind me ... to handcuff me." [1] Later in the day plaintiff visited a local hospital and was treated for a sprain. Two months later she was seen by a local physician and she states that she was treated for a dislocated shoulder and fractured collarbone. Defendants acknowledge that they arrested plaintiff and state that they placed her in handcuffs in accordance with departmental training and policy. Both officers state that they were concerned about the traffic and used only the degree of force they reasonably believed necessary to make the arrest and take her into custody.

I

Under the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980), governmental employees remain liable for their tortious conduct unless immunity is specifically granted. At the time of the present case, the relevant portion of the immunity provision read as follows:

1. Immunity. Employees of governmental entities shall be personally immune from civil liability for the following:

\*   \*   \*   \*   \*   \*

C. The performance or failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused; and whether or not the statute, charter, ordinance, order, resolution, regulation or resolve under which the discretionary function or duty is performed is valid.

14 M.R.S.A. § 8111 (1980).[2]

---

1. At another point in her deposition, plaintiff described the incident in the following terms: They just scaled me, threw me on the trunk of the car. When they did, I landed on my right side; and that's where my damages came from. My shoulder popped out of place and I bruised my rib cage and my feet were dangling off the ground, so my—I got bruises on my shins from the bumper where I hit that with my shins.

2. In 1988, the Legislature repealed and reenacted section 8111 to clarify the discretionary immunity of paragraph C. P.L.1987, ch. 740, § 8 (eff. Aug. 4, 1988). The discretionary immunity under § 8111 now reads in relevant part:

1. Immunity. Notwithstanding any liability that may have existed at common law, employees of governmental entities shall be ab-

The parties agree that a police officer performs a discretionary function within the meaning of § 8111(1)(C) when making a warrantless arrest. Plaintiff contends, however, that police discretion in this regard is not unlimited and that a statute enacted in 1848 governing warrantless arrests marks the outer boundary of such discretion. The ancient statute provides:

Every sheriff, deputy sheriff, constable, city or deputy marshal, or police officer shall arrest and detain persons found violating any law of the State or any legal ordinance or bylaw of a town, until a legal warrant can be obtained and may arrest and detain such persons against whom a warrant has been issued though the officer does not have the warrant in his possession at the time of the arrest, and they shall be entitled to legal fees for such service; but if, in so doing, he acts wantonly or oppressively, or detains a person without a warrant longer than is necessary to procure it, he shall be liable to such person for the damages suffered thereby.

15 M.R.S.A. § 704 (1980). *See Burke v. Bell,* 36 Me. 317 (1853) (describing officer's authority at common law and under the statute).

Assuming that section 704 remains in effect and vital after the enactment of the Maine Tort Claims Act, and assuming that the unreasonable use of force constitutes wanton and oppressive conduct,[3] the present case fails to generate a genuine issue of fact. Even when viewed in the light most favorable to the plaintiff, the evidence would not support a judgment based on wanton or oppressive conduct. *Cf. Onat v. Penobscot Bay Medical Center,* 574 A.2d 872, 874–75 (Me.1990) (plaintiff failed to identify factual basis for a finding of actual or implied malice). At best, the record supports the conclusion that the officers may have used more force than was necessary but it contains no suggestion that they used more force than they reasonably thought to be necessary. There is no hint of ill will, bad faith, or improper motive. The officers may have been mistaken, but their conduct cannot be characterized as wanton or oppressive.

The entry is:

Judgment affirmed.

All concurring.

---

solutely immune from personal civil liability for the following:

\* \* \* \* \* \*

C. Performing or failing to perform any discretionary function or duty, whether or not the discretion is abused; and whether or not any *statute, charter, ordinance, order, resolution, rule or resolve under which the discretionary function or duty is performed is valid.*

\* \* \* \* \* \* \*

The absolute immunity provided by paragraph C shall be applicable whenever a discretionary act is reasonably encompassed by the duties of the governmental employee in question, regardless of whether the exercise of discretion is specifically authorized by statute, charter, ordinance, order, resolution, rule or resolve and shall be available to all *governmental employees, including police officers* and governmental employees involved in child welfare cases, who are required to exercise judgment or discretion in performing their official duties.
14 M.R.S.A. § 8111(1) (Supp.1990).

**3.** Maine's Criminal Code defines the justifiable use of force by a police officer as follows:

1. A law enforcement officer is justified in using a reasonable degree of nondeadly force upon another person:
   A. When and to the extent that he reasonably believes it necessary to effect an arrest or to prevent the escape from custody of an arrested person, unless he knows that the arrest or detention is illegal; or