1999 ME 131

**Charles CARROLL**

v.

**CITY OF PORTLAND et al.**

Supreme Judicial Court of Maine.

Argued June 7, 1999.
Decided Aug. 16, 1999.

Edward S. MacColl (orally), Thompson, Bull, Furey, Bass & MacColl, LLC, P.A., Portland, for plaintiff.

Mark V. Franco (orally), Elizabeth Knox Peck, Thompson & Bowie, Portland, for Town of Scarborough & Giacomantonio, defendants.

City of Portland and Time Warner Cable of Maine did not file briefs.

Before WATHEN, C.J., and RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Charles Carroll appeals from a summary judgment entered in the Superior Court (Cumberland County, *Cole, J.*) in favor of Scarborough Police Officer Joseph Giacomantonio on Carroll's defamation claim. Carroll contends that the court erred in concluding that: (1) no genuine dispute of material fact existed; and (2) Giacomantonio was immune from liability under the Maine Tort Claims Act ("MTCA"), 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1998).[1] We conclude that Giacomantonio failed to sustain his burden of proving that he was entitled to immunity under the MTCA, and therefore vacate the summary judgment.

[¶ 2] In his capacity as Community Resource Officer for the Scarborough Police Department, Giacomantonio became involved with a television program called "Keeping Greater Portland Safe." Time Warner Cable of Maine ("Time Warner") broadcast the program, which provided the names and photographs of individuals for whom local law enforcement agencies had outstanding arrest warrants. While transcribing a list of names for the program, Giacomantonio mistakenly identified Carroll as an individual wanted for theft. Although the Scarborough Police Department had cited Carroll for operating under the influence, Carroll was not subject to an outstanding arrest warrant for theft. Giacomantonio submitted the list containing his clerical error to Time Warner, and Time Warner broadcast the information during an episode of the program.

[¶ 3] Carroll initiated this lawsuit against Giacomantonio and various other defendants, alleging defamation and negligent and intentional infliction of emotional distress. Giacomantonio filed a motion for a summary judgment on the grounds that the MTCA's discretionary function immunity shielded him from liability.[2] The court concluded that Giacomantonio's actions were "discretionary in nature," and granted a summary judgment in his favor on the grounds that he was immune from tort liability under 14 M.R.S.A. § 8111(1)(C).

[¶ 4] On appeal, Carroll contends that the court erred in granting the summary judgment in favor of Giacomantonio on the basis of discretionary function immunity. In essence, Carroll maintains that Giacomantonio failed to meet his burden of proving that he was performing a "discretionary," rather than "ministerial," function or duty at the time of his allegedly tortious activity. We agree.

1. 14 M.R.S.A. § 8111(1) (1980 & Supp.1998) provides, in pertinent part:

   **§ 8111. Personal immunity for employees; procedure**

   **1. Immunity.** Notwithstanding any liability that may have existed at common law, employees of governmental entities shall be absolutely immune from personal civil liability for the following:

   . . . .

   C. Performing or failing to perform any discretionary function or duty, whether or not the discretion is abused; and whether or not any statute, charter, ordinance, order, resolution, rule or resolve under which the discretionary function or duty is performed is valid;

   . . . .

   The absolute immunity provided by paragraph C shall be applicable whenever a discretionary act is reasonably encompassed by the duties of the governmental employee in question, regardless of whether the exercise of the discretion is specifically authorized by statute, charter, ordinance, order, resolution, rule or resolve and shall be available to all governmental employees, including police officers and governmental employees involved in child welfare cases, who are required to exercise judgment or discretion in performing their official duties.

2. Specifically, Giacomantonio's summary judgment motion stated: "The basis for the motion are [*sic*] that the Defendant[ ][is] immune under the Maine Tort Claims Act (MTCA) in that ... the actions of ... Officer Giacomantonio were discretionary under the Maine Tort Claims Act."

[¶ 5] "We review a grant of a summary judgment *de novo* for errors of law." *Grossman v. Richards,* 1999 ME 9, ¶ 3, 722 A.2d 371, 373. "We will uphold a summary judgment if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." *Handyman Equip. Rental Co. v. City of Portland,* 1999 ME 20, ¶ 6, 724 A.2d 605, 606 (quotations omitted). Whether a defendant is entitled to discretionary function immunity is a question of law that may be resolved by a summary judgment, absent a genuine dispute of material fact. *See Grossman,* 1999 ME 9, ¶ 3, 722 A.2d at 373.

[¶ 6] The MTCA applies a policy of broad liability to governmental employees, subject to the exceptions enumerated in the immunity provisions of 14 M.R.S.A. § 8111(1).[3] *See Leach v. Betters,* 599 A.2d 424, 425 (Me.1991) ("[G]overnmental employees remain liable for their tortious conduct unless immunity is specifically granted."); *Moore v. City of Lewiston,* 596 A.2d 612, 614–15 (Me.1991). Section 8111(1)(C) affords governmental employees an absolute immunity from personal civil liability for "[p]erforming or failing to perform any discretionary function or duty, whether or not the discretion is abused." 14 M.R.S.A. § 8111(1); *see also*

*Moore,* 596 A.2d at 615. Such immunity is:

> applicable whenever a discretionary act is reasonably encompassed by the duties of the governmental employee in question, regardless of whether the exercise of discretion is specifically authorized ... and shall be available to ... police officers ... who are required to exercise judgment or discretion in performing their official duties.[4]

14 M.R.S.A. § 8111(1).

[¶ 7] We have identified four factors to help determine whether discretionary function immunity shields a governmental employee from tort liability:

(1) Does the challenged act, omission, or decision *necessarily involve a basic governmental policy, program, or objective?*

(2) Is the questioned act, omission, or decision *essential to the realization or accomplishment of that policy, program, or objective* (as opposed to one that would not change the course or direction of the policy, program, or objective)?

(3) Does the act, omission, or decision *require the exercise of basic policy evaluation, judgment, and expertise* on the part of the governmental employee involved?

1999 ME 9, ¶ 6, 722 A.2d at 373 (quotations omitted). "[T]ort liability should not be imposed for conduct of a type for which the imposition of liability would substantially impair the effective performance of a discretionary function." *Id.* (quotations omitted). Further, "discretionary function immunity serves the important purpose of separation of power by preventing the judicial branch from entertaining tort actions as tools for manipulating important policy decisions that have been committed to coordinate branches of government." *Adriance,* 687 A.2d at 240. "If 'decisions involve the dilemma of policy intended to be resolved by the legislative or executive branches, the courts will refuse to review them in tort actions....'" *Id.* at 240–41 (quoting W. Page Keeton *et al., Prosser and Keeton on the Law of Torts* § 131, at 1052 (5th ed.1984)).

---

**3.** Although, under the MTCA, liability is the rule and immunity the exception for *governmental employees,* immunity is the rule and liability the exception for *governmental entities. See* 14 M.R.S.A. § 8103 (1980 & Supp. 1998); *Adriance v. Town of Standish,* 687 A.2d 238, 240 (Me.1996). Section 8104–A sets forth specific exceptions to the broad immunity of governmental entities, subject to section 8104–B. *See* 14 M.R.S.A. § 8104–A (Supp.1998). Notwithstanding the immunity waiver provisions of section 8104–A, section 8104–B expressly retains certain types of immunity for governmental entities, including discretionary function immunity. *See* 14 M.R.S.A. § 8104–B (Supp.1998).

**4.** Discretionary function immunity "preserve[s] independence of action without deterrence or intimidation by the fear of personal liability and vexatious suits." *Grossman,*

(4) Does the governmental employee involved *possess the requisite constitutional, statutory, or lawful authority and duty* to do or make the challenged act, omission, or decision?

*See Roberts v. State,* 1999 ME 89, ¶ 8, 731 A.2d 855, 857; *Grossman,* 1999 ME 9, ¶ 7, 722 A.2d at 374. The first, second, and fourth factors help determine whether the governmental employee was performing or failing to perform an official "function or duty." 14 M.R.S.A. § 8111(1)(C). The third factor helps determine whether that function or duty was "discretionary" in nature, as opposed to merely "ministerial." [5] *Id.*

[¶ 8] The third factor is at issue here. Carroll argues that the act of transcribing information in alphabetical order was not "discretionary" because it did not require the exercise of basic policy evaluation, judgment, and expertise. Giacomantonio disagrees and—without offering any supporting citations to the record—maintains that he "was responsible for deciding whose names to provide to Time Warner, and for compiling the necessary information."

■ [¶ 9] We have distinguished between activities that are "discretionary" and those that are merely "ministerial," which do not merit discretionary function immunity. *See, e.g., Kane v. Anderson,* 509 A.2d 656, 657 (Me.1986) (concluding that arresting police officer's execution of arrest warrant was ministerial, rather than discretionary, function). A *discretionary* act requires judgment or choice, whereas a *ministerial* act is mandatory and requires no personal judgment or choice.[6] *See Moore,* 596 A.2d at 616 (concluding that activity was discretionary because officers "were required to use their judgment"); *Kane,* 509 A.2d at 657 ("[M]inisterial acts are those to be carried out by employees, by the order of others or of the law, with little personal discretion as to the circumstances in which the act is done.") (quoting RESTATEMENT (SECOND) OF TORTS § 895D cmt. h (1977)). Giacomantonio is not entitled to discretionary function immunity unless his allegedly tortious activity required the exercise of judgment or choice. *See* 14 M.R.S.A. § 8111(1).

■ [¶ 10] The undisputed facts do not support Giacomantonio's assertion that his allegedly tortious conduct involved judgment or choice. If the challenged activity merely involved copying a list of names in alphabetical order, as Carroll maintains, the activity did not "require the exercise of basic policy evaluation, judgment, and expertise." *Grossman,* 1999 ME 9, ¶ 7, 722 A.2d at 374. In fact, it would be difficult to imagine an activity more "ministerial" than simply transcribing a list of names from one sheet of paper to another. Giacomantonio has failed to satisfy his burden of proving that his allegedly tortious activity constituted the performance of or failure to perform a "discretionary function or duty." 14 M.R.S.A. § 8111(1)(C); *cf. MacKerron v. Madura,* 445 A.2d 680, 682 (Me.1982) ("It is not discernible from the complaint whether the actions alleged were functions or duties of Officer Madura and[,] if they were, whether they were discretionary. Since the complaint leaves

---

5. Note that, under the third factor, it is not enough for a challenged activity to simply involve evaluation, judgment, and expertise; the activity must also be based on public policy considerations. *See Adriance,* 687 A.2d at 241. "[D]iscretionary function immunity 'does not include functions [that] involve *any* element of choice, judgment[,] or ability to make responsible decisions; otherwise every function would fall within the exception.'" *Id.* (quoting *Ransom v. City of Garden City,*

113 Idaho 202, 743 P.2d 70, 72–73 (1987)) (emphasis added).

6. According to WEBSTER's II NEW RIVERSIDE UNIVERSITY DICTIONARY 385 (1988):(1) "discretionary" means "[l]eft to or regulated by one's own judgment or discretion"; and (2) "discretion" means the "[f]reedom or power to act or judge on one's own." "Ministerial" means "[o]f or designating a mandatory act or duty admitting of no personal judgment or discretion in its performance." *Id.* at 755.

these factual issues unresolved, immunity could not be asserted as grounds for the dismissal in this case."). Therefore, we vacate and remand.[7]

The entry is:

Judgment vacated. Remanded for further action consistent with the opinion herein.

WATHEN, C.J., dissenting.

[¶ 11] I must respectfully dissent. In my judgment, the Court incorrectly focuses on a single act, ignoring the function in which the police officer was engaged and the precise nature of the tortious act alleged. I agree that immunity is not intended to apply to purely ministerial acts that are independent of any discretionary function or duty. Immunity, however, does apply to ministerial acts that are ancillary or incidental to the performance of such a discretionary function or duty. The discretionary immunity doctrine affords government officials with immunity for exercises of judgment that would be inhibited by the threat of civil liability. The Legislature has recognized that law enforcement officers must often take actions having serious consequences on the persons affected and that the threat of liability might cause the officers to refrain from taking the necessary actions to the detriment of the public. *See* L.D. 2443, Statement of Fact (113th Legis.1987).

[¶ 12] As the present case illustrates, discretionary functions involving the exercise of judgment often include ancillary ministerial acts. Moreover, in assessing immunity under the MTCA, the discretionary versus ministerial distinction must be evaluated in light of the tortious act. In the present case, the act that might subject the police officer to liability was the publication, rather than the preparation, of the list of names. It was only when the mistaken list was published to a third party that an action for defamation would lie.

*See Bakal v. Weare*, 583 A.2d 1028, 1029 (Me.1990). The relevant act under the MTCA is therefore not the preparation of the list, since that act is only ancillary to the discretionary action of publication.

[¶ 13] The Court's failure to focus on the precise act that creates liability muddies the distinction between discretionary and ministerial acts and undermines the purpose of section 8111(1). For example, a police officer performing a background check, during a stop, on a person possessing a firearm might enter the wrong spelling of the person's name and obtain incorrect information that the person is a felon. This incorrect information could result in an erroneous arrest. If we assume that the function of arresting felons with firearms serves the public interest, in the absence of bad faith the officer should not be held personally liable for the general discretionary act of arresting the person even if he commits a ministerial error during the investigation process.

[¶ 14] Similarly, in this case, the police department's pursuit of those with outstanding arrest warrants serves the public interest and involves the exercise of discretion. Separating the officer's decision to publish the names of persons with outstanding arrest warrants from the clerical error of misstating the charge, will necessarily inhibit the officer's performance of the discretionary function of aggressively pursuing persons with outstanding arrest warrants. Focusing upon the tortious act, i.e., the arrest in the example or the publication of names in this case, achieves the balance between immunity and liability struck by the MTCA. I would affirm the court's conclusion that the officer was immune from liability on the basis of section 8111(1).

7. Since Giacomantonio failed to argue in his summary judgment motion that he is immune under any other paragraph in 14 M.R.S.A. § 8111(1), we decline to address whether those immunity provisions shield him from liability.