STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-118

JAMES M. DINEEN,

Plaintiff

v.

ORDER

INHABITANTS OF THE TOWN
OF KITTERY and GARY P. EATON,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

OCT 27 2006

This matter comes before the Court on Defendants' Motion for Summary Judgment pursuant to M.R. Civ. P. 56.

## FACTUAL BACKGROUND

Plaintiff, James Dineen ("Dineen") has operated a chartered bus company in the Town of Kittery ("Town") since approximately 1985. Dineen has between ten and twelve employees, most of whom are bus drivers. He does not maintain a regular bus schedule, but accepts engagements from various groups seeking chartered bus service. His bus operation has been the subject of several legal proceedings with the Town regarding allegations that Dineen kept "junk" vehicles at his business and/or garage. One court order stemming from these actions provides for the submission of regular reports about vehicles used in the business, including their inspection and registration status. In addition, law enforcement officials are permitted to inspect the premises to be sure all vehicles used in the business are current on their inspections and registration.

One such inspection occurred on April 26, 2002, when Kittery Officer Gary Eaton ("Eaton") came to Dineen's business. He spoke with Douglas Stolle ("Stolle"), one of Dineen's drivers, on that date, and Stolle informed him that he was taking a bus to New

Hampshire to be inspected because that was where it was registered. At that time, Dineen claims that Eaton said to Stolle, "It will probably be an illegal sticker, like the other illegal stickers he has obtained in the past." The parties agree that Eaton was acting in his official capacity as a police officer when he allegedly made this comment, and Stolle was the only person who heard it. He did not believe that there was any truth to this remark, but he reported it to Dineen and Dineen's office assistant, Diana Sylvester, later that day. To Dineen's knowledge, no one other than these employees was aware of the remark, and no one believed it.

Dineen filed notice of his claim with the Town, pursuant to the Maine Tort Claims Act ("MTCA"), and later filed a complaint against the Town and Eaton, in his official capacity as a police officer, for slander per se. Eaton and the Town now move for summary judgment, claiming absolute immunity for the Town and discretionary function and/or qualified immunity for Eaton under the MTCA. Additionally, they argue that Dineen cannot prevail on the merits due to lack of publication and lack of damages or actual harm to his reputation. Dineen contends that neither defendant is entitled to immunity or a conditional privilege, and that genuine issues of material fact exist regarding how to interpret the comment and whether it was made with malice or in bad faith.

## DISCUSSION

1.    Summary judgment standard.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶8, 828 A.2d 778, 781. A

material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶7, 784 A.2d 18, 22. A "plaintiff must establish a prima facie case for each element of her cause of action" when a defendant moves for summary judgment. *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶9, 711 A.2d 842, 845. This Court reviews the facts "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶6, 816 A.2d 63, 65.

2.      Does immunity apply under the Maine Tort Claims Act?

a.      Town of Kittery

Defendants contend that the municipality is immune from claims such as this under the Maine Tort Claims Act. 14 M.R.S. §§8101-8118 (2005). The MTCA provides in part that "all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages." *Id.* at §8103. The statute does specify four categories of exceptions to immunity: negligent operation of vehicles, negligent construction or maintenance of public buildings, negligent release or pollutants, and negligence in road construction. *Id.* at §8104-A. As commentators note, "[t]hese are the sole situations in which governmental entities may be liable under the MTCA. If the plaintiff's claim cannot fit within one of the four categories, the plaintiff will be unable to recover." Simmons, Zillman & Gregory, *Maine Tort Law* §15.20 at 15-47 (2004 ed.). The Law Court has also pointed out that "[a]lthough, under the MTCA, liability is the rule and immunity the exception for *governmental employees*, immunity is the rule and liability the exception for *governmental entities*." *Carroll v. City of Portland*, 1999 ME 131, ¶6 n. 4, 736 A.2d 279, 282.

A municipality, however, may purchase liability insurance "in areas where it is otherwise immune." *Webb v. Haas*, 665 A.2d 1005 (Me. 1995). If the policy covers areas where the state or town would normally enjoy immunity, the entity may be exposed to tort liability, "but only to the limits of the insurance coverage." 14 M.R.S. §8116 (2005). In *Webb*, the Court found that immunity was not waived simply because the State had insurance; instead, the policy specifically disclaimed "coverage for any claim for which the insured has immunity pursuant to the [tort claims] act." 665 A.2d at 1011.

Where a policy did not contain such a disclaimer, however, and its language was "ambiguous," the Law Court held that there was a genuine issue of material fact as to the scope of a city's insurance coverage. *Stretton v. City of Lewiston*, 588 A.2d 739, 741 (Me. 1991).

None of the four exceptions to immunity apply here, yet Dineen argues that the Town's coverage exposes it to liability. But, the Town's insurance policy specifically excludes coverage for defamation and slander claims, as well as numerous other torts.[1] Although the language of this policy is not as explicit as the immunity language in *Webb* because it does not directly mention the MTCA, it does clearly indicate that the Town did not intend to waive the immunity to which it is entitled in these areas. Thus, the policy does not strip the Town of its immunity.

b.     Officer Eaton

1.     Discretionary function immunity

Eaton contends that discretionary function immunity precludes a judgment against him. The MTCA provides absolute "personal immunity for employees" when "[p]erforming or failing to perform any discretionary function or duty, whether or not the discretion is abused." 14 M.R.S. §8111(1)(C) (2005). "Whether a defendant is

---

[1]     Maine Municipal Association Property & Casualty Pool Coverage Document, Agreement H(B)(e), p. 66.

4

entitled to discretionary function immunity is a question of law that may be resolved by a summary judgment, absent a genuine dispute of material fact." *Chiu v. City of Portland*, 2002 ME 8, ¶17, 788 A.2d 183, 189 (quoting *Carroll*, 1999 ME 131, ¶5, 736 A.2d at 282).

To determine whether discretionary function immunity protects the acts of an employee, the Law Court developed a four factor test in *Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 426 (Me. 1987). Those four factors are: (1) whether "a basic governmental policy, program or objective" is implicated; (2) whether the act at issue is "essential to the realization of that policy, program, or objective;" (3) whether the act "require(s) the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency;" and (4) whether the administrative body "possess(es) the requisite constitutional, statutory or lawful authority and duty to do or make the challenged act." *Id.*

For instance, an officer who became involved in a fatal car accident while hastily responding to a distress call about a young child was entitled to discretionary function immunity because whether to treat the call as an emergency was a matter for the officer's judgment. *Norton v. Hall*, 2003 ME 18, ¶20, 834 A.2d 928, 934.[2]

By contrast, a police officer was not entitled to immunity where he spoke with a reporter about an internal investigation in contravention of department policy. *Rippett v. Bemis*, 672 A.2d 82, 85 (Me. 1996). There, the officer's conduct was "not essential to accomplish any basic governmental policy, program, or objective," so he was not shielded from liability by the MTCA. *Id.* Also, the Law Court held that an officer who

---

[2] Other examples of discretionary functions warranting immunity and summary judgment include a housing inspector's determination about "when and how to reinspect buildings," *Chiu*, 2002 ME 8, ¶21, 788 A.2d at 189, and a city councilor and alderman's statements about public funds at a city council meeting, *Grossman v. Richards*, 1999 ME 9, ¶8, 722 A.2d 371, 374.

mistakenly listed a man as having an outstanding arrest warrant on television was not entitled to immunity for that act because it was ministerial. *Carroll*, 1999 ME 131, ¶10, 736 A.2d at 283. He would only have been entitled to discretionary immunity if "his allegedly tortuous activity required the exercise of judgment or choice," and the facts demonstrated that it was not a discretionary act. *Id.* at ¶¶9-10, 736 A.2d at 283. The Court explained that to hold otherwise would mean that "every function would fall within the exception." *Id.* at n. 5, 736 A.2d at 283 (citing references omitted).

Here, assuming Eaton made the statement that Dineen alleges, as the Court must to evaluate this motion, none of the four factors in *Darling* apply to his conduct. Eaton might receive protection for discretionary actions reasonably connected with his duty to inspect Dineen's business, but such protection should not encompass potentially slanderous statements. This is not the sort of "judgment or choice" that the Law Court contemplated in *Carroll* and other cases. Such a statement is hardly on par with discretionary acts such as emergency responses and building inspections, regardless of the circumstances under which it was made. Although the statement was made during inspection, it was not made *pursuant to* Eaton's routine inspection of the premises per court order, which is a more ministerial than discretionary act.[3] Like the media interview in *Rippett*, Eaton's comment to Stolle does not merit immunity.

## 2. Intentional act immunity

Here, Eaton also contends that any remark he may have made about illegal stickers was made within the scope of his employment, which Dineen admits, and that this makes him immune from liability under 14 M.R.S. §8111(1)(E) (2005). This provision shields employees from liability for "[a]ny intentional act or omission within

---

[3] Restatement (Second) of Torts §895D (1977) provides that "[m]inisterial acts are those done by officers and employees who are required to carry out the orders of others or to administer the law with little choice as to when, where, how or under what circumstances their acts are to be done."

the course and scope of employment; provided that such immunity does not exist in any case in which an employee's actions are found to have been in bad faith." *Id.*

Dineen argues that whether Eaton made the statement in bad faith, forfeiting any immunity to which he would otherwise be entitled, is a question of fact. This Court cannot decide whether immunity for intentional acts and omissions applies to Eaton at this stage, as Dineen has generated a genuine issue of material fact on the issue of bad faith[4]; summary judgment is denied as to Eaton on the basis of immunity under §8111(1)(E).

3. Slander per se.

"Slander per se refers to words that on their face without further proof or explanation injure the plaintiff in his business or occupation." *Ramirez v. Rogers*, 540 A.2d 475, 478 (Me. 1988). Given the tendency of such statements to injure a person's livelihood, a "plaintiff may recover without proof of special damage." *Id.*[5] For example, a plaintiff prevailed on her slander per se claim where her employer implied that she "misused company funds and engaged in dishonest and unethical acts" because this "unquestionably tends to injure her in her profession." *Marston v. Newavom*, 629 A.2d 587, 593 (Me. 1993). Given this, the Law Court affirmed a verdict in her favor, as "[t]he evidence support[ed] a claim for slander per se." *Id.*

Similarly, all Dineen must allege for a viable slander claim is that the comment concerned his business. If his version of events is accurate, as the Court assumes it is at summary judgment, he has alleged a cause of action for slander per se because Eaton's

---

[4]     In their depositions, both Stolle and Dineen claim that they were not surprised Eaton would make such a comment, given their past interactions.

[5]     This approach stems from years of Maine common law and is also found in the Restatement (Second) of Torts, §§507-74, which sets forth four categories where proof of special harm is not required, including statements about a person's business. *See* Simmons, Zillman & Gregory, *Maine Tort Law* §13.05 at 13-9 (2004 ed.).

statement struck directly at his professional conduct and also implied illegal activity on Dineen's part. Contrary to Eaton's assertion, this statement is not conditionally privileged. A conditional privilege only attaches where the communication "furthers an important interest of the recipient." *Lester v. Powers*, 596 A.2d 65, 68 (Me. 1991).[6] No important interest was furthered by Eaton's alleged comment about illegal stickers.

Finally, Eaton argues that because the statement was only uttered to one person, it was not truly published; therefore, Dineen has not established that the statement actually caused him damages. But, because Eaton's communications concerned Dineen's business, damages will be presumed if the fact-finder determines that they indeed constituted slander per se. The effect of the statements is a factual issue for the jury. Moreover, publication to any third party satisfies that element of a slander or defamation claim, even where only one other person heard it. Summary judgment is therefore inappropriate on this basis.

## CONCLUSION

The Motion for Summary Judgment is GRANTED as to the Town on the basis of immunity under the MTCA. The Motion is DENIED as to Eaton, as he is not shielded by discretionary function immunity for his alleged conduct. Also, genuine issues of material fact remain regarding whether his statement was slanderous and whether it was made in bad faith, which would make him ineligible for intentional act immunity.


Dated:        October 16, 2006

                                                    G. Arthur Brennan
                                                    Justice, Superior Court

---

[6]     *Lester* involved a professor's tort claims when a former student criticized him before a committee evaluating him for tenure. 596 A.2d at 67. Because the committee had an important interest in obtaining information about the professor, a privilege applied to the defendant's statements of opinion. *Id.* at 68.

James M. Dineen – PL – Pro se
Mark V. Franco, Esq. – DEFS

8