JABAR, J.,
dissenting.
[¶ 13] I respectfully dissent because I believe we should adopt a reading of the statutory scheme that concludes that the Legislature intended to establish a balance between remedying injuries caused by the negligence of government employees and protecting those government employees from financial ruin. I also dissent to express my concern about answering a question forwarded to us by the federal court when there is an underlying legal issue that undermines the applicability of 14 M.R.S. § 8104-D (2012) to the facts of this case. See generally Fortin v. Titcomb, 747 F.Supp.2d 44, 46 (D.Me.2010) (noting that the parties agree that section 8104-D applies).
A. Legislative Intent
[¶ 14] ‘We interpret a statute to avoid absurd, illogical, or inconsistent results.” Costain v. Sunbury Primary Care, P.A., 2008 ME 142, ¶ 5, 954 A.2d 1051 (quotation marks omitted). “[W]e will consider the whole statutory scheme for which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved.” FPL Energy Me. Hydro LLC v. Dep’t of Envtl. Prot., 2007 ME 97, ¶12, 926 A.2d 1197 (quotation marks omitted). In this case, however, the interpretation of the statutory scheme forwarded by the Court creates a serious inconsistency between sections 8104-D, 8105, and 8116 of Title 14.
[¶ 15] As originally drafted in 1977, the Maine Tort Claims Act (MTCA) did not include a limitation on personal liability of government employees. See L.D. 87 (108th Legis.1977); P.L.1977, ch. 2. At that time, section 8105 read as follows: “In any action for damages permitted by this chapter, the claim for and award of damages including costs shall not exceed_” L.D. 87, § 8105 (108th Legis.1977). The section then went on to provide specific monetary limitations on the amount that a victim could recover against a municipality or its employees. Id. Section 8116 stated that the government entity could procure insurance, and “[i]f the insurance provides protection in excess of the limits of liability imposed by section 8105, then the limits provided in the insurance policy shall replace the limits imposed by section 8105.” P.L.1977, ch. 2, § 8116. Because there was not yet a limitation on personal liability of government employees, section 8105 was the only limitation on damages and there was no need for section 8116 to reference any other limitation — section 8105 and 8116 applied to all actions for damages under the MTCA. See P.L.1977, ch. 2, § 8105 (“In any action for damages permitted by this chapter....”).
[¶ 16] Shortly after its adoption, the MTCA was amended to place a $10,000 limit on the personal liability of state, but not municipal, employees. Sen. Amend. C to H.P. 1680, L.D. 1874, No. S-365 (108th Legis.1977). The limitation was originally codified in section 8103. Sen. Amend. C to H.P. 1680, L.D. 1874, No. S-365 (108th Legis.1977). Still, because section 8105 *770 applied to “any action for damages permitted by this chapter,” a victim’s damages against municipal employees were limited only by the specific enumerated amounts in section 8105 or the insurance policy limit, whichever was greater. See Drummond v. City of Portland, 1985 Me.Super. LEXIS 158, at *4 (June 18, 1985) (“Under [section] 8116, the State must insure its employees to the extent of their potential liability under [section] 8103 and may purchase additional insurance. Under the same section, the governmental entities may insure their employees.”). Eventually, in 1986, section 8103 was amended to extend the limitation on liability to all government employees. See P.L.1985, ch. 599, §§ 1, 2, 3. Nevertheless, the limitation on personal liability applied only to prevent a victim from executing a judgment against the personal assets of a government employee in an amount greater than $10,000. Legis. Rec. 73, 1827-29, 1976 (1977); L.D. 2142, Statement of Fact, § 8103(3), at 4 (112th Leg.1986). To this end, the government entity was required to provide insurance to cover the employees’ potential liability. L.D. 2142, Statement of Fact, § 8103(3), at 4 (112th Leg. 1986). The limitation on personal liability contained in section 8103 was later codified in section 8104-D, but did not change substantively. L.D. 2443, Statement of Fact, § 8104-D, at 14 (113th Legis.1988). Arguably, when the Legislature amended the MTCA in 1977 by adding section 8103 to place limitations on personal liability, it could have been clearer by also amending section 8116 to include a reference not only to the 8105 limitation but also to the 8103 limitation. However, section 8104-D was designed only to limit personal liability whereas 8105 and 8116 were designed to limit damages. Fortin v. Titcomb, 671 F.3d 63, 68 (1st Cir.2012) (“[Sections] 8104-D and 8105 by their terms address different matters: the former relates to personal liability, while the latter imposes a limit on damages.”).
[¶ 17] Fortin argues that the insurance policy limit provides the limitation on damages when the government, pursuant to section 8116, procures insurance in excess of the $10,000 required by section 8104-D. The First Circuit Court of Appeals, in an opinion authored by Judge Lipez, characterized this argument as a “plausible reading of the statutory scheme.”[2] Fortin, 671 F.3d at 68. In discussing Fortin’s plausible reading, Judge Lipez’s opinion states that “[t]he legislative history of the MTCA’s damages-related provisions could be read to support the view that [section] 8104-D does not remove personal-capacity claims from the scope of [sections] 8105 and 8116.” Id. at 69. We should adopt this reading of the statute. Judge Lipez cautions that “[r]eading [section] 8104-D to supersede the [sections] 8105 [and 8116] liability limit in every instance, without regard to the availability of insurance, would defeat the balance the [Legislature may have intended to establish between remedying injuries caused by government employees and protecting those employees from financial ruin.” Id. at 70.
[¶ 18] Interpreting the statutory scheme — and section 8104-D specifically— to limit only personal liability of government employees is nothing more than common sense. Through section 8116, the *771 Legislature allows governmental entities to procure insurance to allow citizens to recover sums in excess of the statutory limits established in section 8105. If the government procures such insurance for itself and its employees, and a victim of negligence committed by a single government employee is awarded a judgment within the policy limits, the victim should be allowed to recover the full amount of the judgment. Indeed, section 8116 specifically states that “[a] governmental entity may purchase insurance or may self-insure on behalf of its employees to insure them against any personal liability for which a governmental entity is obligated or entitled to provide defense or indemnity under section 8112.” (Emphasis added). It would make little sense for the Legislature to draft a statutory scheme that allows government entities the option to procure insurance in excess of the $400,000 limit in section 8105 in cases where the government or multiple employees commit negligent acts, and thereby grant Maine citizens additional protection from government negligence, but deny those same governmental entities the option to provide added protection beyond $10,000 for negligent acts committed by a single employee. See Drummond, 1985 Me.Super. LEXIS 158, at *4 (“Under [section] 8116, the State must insure its employees to the extent of their potential liability under [section] 8103 and may purchase additional insurance.”).
[¶ 19] In this case, the jury determined that Fortin was entitled to $125,000 in compensatory damages and the court subsequently reduced that award to $10,000— less than 10% of what the jury found For-tin deserved. Under this Court’s interpretation of the statutory scheme, without regard to the availability of insurance, if the same injuries that Fortin sustained were inflicted by thirteen officers rather than one, Fortin would be allowed to recover the damages the jury found that he was owed. This, I assert, is an illogical interpretation of the statutory scheme because in cases such as this, the government employee will not actually be personally liable for the judgment. Because the government entity may procure insurance on behalf of the employee in excess of the $10,000 limitation in section 8104-D, section 8116 would be applicable, and the insurance policy would set the limitation on damages.
[¶20] Allowing governmental entities the option of providing protection beyond the $10,000 limit of section 8104-D by purchasing additional insurance is consistent with the statutory scheme set out by the Legislature. This reading of the statute strikes a balance between compensating victims of negligence committed by government actors and protecting government employees from the burden of personal liability. Therefore, in determining whether section 8104-D sets the limitation on damages, it is essential to determine whether the government employee is personally liable for the judgment: if the employee is personally liable, then the award is reduced to $10,000; if the government procures insurance for its employees, thereby removing personal liability, then the policy limit sets the extent of damages under 8116. See Rodriguez v. Town of Moose River, 2007 ME 68, ¶ 26, 922 A.2d 484 (noting that the $10,000 limitation on damages is applicable because the government employee would be personally hable for any award of damages arising from negligent acts she committed in the course and scope of her employment); see also 14 M.R.S. § 8116 (“A governmental entity may purchase insurance or may self-insure on behalf of its employees to insure them against any personal liability for which a governmental entity is obligated or entitled to provide defense or indemnity under section 8112”). Arguably, because 14 *772 M.R.S. § 8112(8) (2012) requires governmental entities to insure employees up to the section 8104-D limit, absent abnormal circumstances rendering the employee personally liable, see Rodriguez, 2007 ME 68, ¶34 & n. 4, 922 A.2d 484, the policy limit will establish the limitation on damages. Still, in most cases, the $10,000 limit contained in section 8104-D and the policy limit will likely be identical — there is nothing preventing the governmental entity, perhaps more concerned with preserving the fisc than with compensating the victim of its employee’s negligence, from procuring an insurance policy that covers only the minimum amount outlined in section 8104-D. However, we should not interpret the statutory scheme in such a way that the governmental entity is prohibited from procuring insurance coverage that allows for a recovery in excess of the $10,000 minimum set out in 8104-D. When the governmental entity, pursuant to 14 M.R.S. § 8116, procures insurance for the negligent acts of its employees with a policy limit greater than the $10,000 minimum contained in 14 M.R.S. § 8104-D, an award of damages within that policy limit should not be reduced pursuant to 14 M.R.S. § 8104-D because the employee will not actually be personally liable.
B. Scope of Employment
[¶ 21] In addition to my disagreement with the Court over the interpretation of the statutory scheme, I also disagree with the Court’s decision to answer the first question. Section 8104-D provides a limitation on damages for negligence actions against government employees as long as the employee is acting “within the course and scope of employment.” Notwithstanding the fact that the parties stipulated that section 8104-D applies in this case, see Fortin, 747 F.Supp.2d at 46, the underlying facts raise a significant legal issue as to the applicability of 8104-D that was not addressed at trial and is not before the Court at this time. Because section 8104-D may not be applicable under the facts of this case, answering the question posed to us by the federal court will serve only to confuse our jurisprudence surrounding the MTCA. We should refrain from unnecessarily making a broad pronouncement of law that could ultimately be based on an erroneous agreement regarding the application of section 8104-D.
[¶ 22] The jury in this case found that the officer exceeded the scope of his discretion, thus denying him the safe harbor of discretionary function immunity. In order for an employee to be eligible for discretionary function immunity the employee must be acting within the course and scope of employment. See Morgan v. Kooistra, 2008 ME 26, ¶ 20, 941 A.2d 447; Darling v. Augusta Mental Health Instit., 535 A.2d 421, 425 (Me.1987). “Conduct that is within the scope of employment is the type of conduct the employee was hired to perform; occurs within the time and space of the employment; and is undertaken, at least partially, to serve the employee’s master.” Morgan, 2008 ME 26, ¶ 21, 941 A.2d 447. A police officer’s conduct is typically entitled to discretionary function immunity unless the “egregious conduct clearly exceeded, as a matter of law, the scope of any discretion he could have possessed in his official capacity as a police officer.” Polley v. Atwell, 581 A.2d 410, 414 (Me.1990). Discretionary function immunity under the MTCA encompasses not only lawful and proper exercises of discretion, but also abusive exercises of discretion. 14 M.R.S. § 8111(1)(C) (2012). If a government employee who otherwise would be entitled to discretionary function immunity is found not to be entitled to immunity because he exceeded the scope of any discretion he could have possessed in his capacity as a police offi *773 cer, he did something more culpable than act in bad faith, abuse his discretion, or act without official authority. See Selby v. Cumberland Cnty., 2002 ME 80, ¶¶ 6, 8 & n. 6, 796 A.2d 678 (noting that discretionary function immunity applies even in situations of bad faith, acting in abuse of discretion, or acting without authority).
[¶ 28] In this case, the officer did not have the protection of discretionary function immunity. The court instructed the jury, in relevant part, as follows:
State law provides immunity to governmental employees including police officers for performing or failing to perform any discretionary function or duty, whether or not the discretion is abused; and whether or not any authority under which the discretionary function or duty is performed is valid. For purposes of state immunity law a police officer’s arrest of an individual is a discretionary act. Maine law provides immunity to a police officer unless the officer’s conduct was so egregious that it clearly exceeded the scope of any discretion an officer could have possessed in his or her capacity as a police officer. Thus, if you find that one or both of the defendants negligently used excessive force against the plaintiff, you must also decide whether, in doing so, each such officer’s action clearly exceeded the scope of any discretion he could have possessed in his capacity as a police officer. If you find that it did, you must find that that defendant may be liable to the plaintiff on his negligence claim. If you find that it did not, you must find for that defendant on that claim.
Based on this instruction, the jury found that the officer’s conduct was so egregious that he was not entitled to discretionary function immunity. Thus, the question remains whether an officer can act in a manner that clearly exceeds any discretion that he could have possessed in his capacity as a police officer yet still be acting within the course and scope of employment.
[¶24] From a policy standpoint, because “[discretionary function immunity preserved] independence of action without deterrence or intimidation by the fear of personal liability and vexatious suits,” Carroll v. City of Portland, 1999 ME 131, ¶ 6 n. 4, 736 A.2d 279 (quotation marks omitted), it is certainly wise to protect officers from liability in cases where they abuse their discretion or act without the authority to do so. See Selby, 2002 ME 80, ¶¶ 8-11, 796 A.2d 678 (finding an officer was still entitled to immunity despite violating internal office policies). It is unwise, however, to extend protection to actions well outside any discretion the officer could have possessed in his capacity as a government employee. See Morgan, 2008 ME 26, ¶¶ 21-23, 941 A.2d 447. As it stands, the broad scope of discretionary function immunity is sufficient to protect “independence of action”; there is no need to extend the 14 M.R.S. § 8104-D limitation on liability to situations in which a jury finds that the employee’s conduct is so egregious that it is outside the scope of discretion they possessed as a government employee. I believe that as a matter of law conduct found to be so egregious that it is not entitled to discretionary function immunity because the officer exceeded the scope of any discretion he could have possessed in his capacity as a government employee should not be considered within the course and scope of employment, and therefore should not be entitled to the damages limitation of 14 M.R.S. § 8104-D. See Polley, 581 A.2d at 414; Darling, 535 A.2d at 425.
[¶ 25] Although this issue is not presently before the Court and has not been previously decided by this Court, I am *774 concerned that by answering the legal question submitted to us by the federal court we may be implicitly concluding that egregious conduct that exceeds an employee’s scope of discretion may still be considered within the course and scope of employment. I believe this significant legal issue remains unsettled in our jurisprudence and I do not believe that this opinion addresses this issue. Accordingly, we should refrain from answering the question presented to us because, despite the parties’ stipulation, section 8104-D may not be applicable to the facts of this case; answering the question posed to us under these facts will only confuse our jurisprudence surrounding the MTCA.
[¶ 26] In sum, I dissent not only to caution that the unresolved legal issue surrounding scope of discretion and scope of employment may create unintended consequences, but also to express my belief that the Court’s interpretation of sections 8104-D, 8105, and 8116 threatens to upset the balance that the Legislature intended to strike between compensating victims of government negligence and protecting government employees from financial ruin.

. The opinion by Judge Lipez offers two plausible readings of the statutory scheme: one forwarded by the plaintiff, Fortin, and the other forwarded by the defendant, Titcomb. Fortin v. Titcomb, 671 F.3d 63, 66-70 (1st Cir.2012). Titcomb argues that "[section] 8104-D is a stand-alone provision that applies to personal-capacity claims against governmental employees, while [sections] 8105 and 8116 apply to all other types of claims involving governments and their employees.” Fortin, 671 F.3d at 67.